UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY MARK ENSLOW,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON, THURSTON COUNTY, CITY OF OLYMPIA, JOSEPH F WHEELER, BOB FERGUSON,<br><br>                    Defendants. | CASE NO. 3:16-CV-05497-RBL-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

Plaintiff Zachary Mark Enslow, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by September 8, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who was incarcerated in the Thurston County Jail ("the Jail") at all relevant times, alleges he was illegally incarcerated for six months prior to being acquitted of all charges pending against him. Dkt. 7.

ORDER TO FILE AMENDED COMPLAINT - 1

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### I.     Personal Participation

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in

another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff names the following five Defendants: the State of Washington, Thurston County, City of Olympia, Jack Wheeler, Thurston County Prosecutor, and Bob Ferguson, Washington State Attorney General. Dkt. 7. Plaintiff fails to state the alleged wrong-doing of any Defendant in this case. He provides only generalized statements alleging his constitutional rights were violated when he was unlawfully incarcerated. *See* Dkt. 7. Plaintiff does not explain how his rights were violated or identify the individuals involved in the alleged denial of his constitutional rights. For example, Plaintiff does not allege the arresting officers lacked probable cause or allege some constitutional right was violated while he was detained. *See id*. The Court also notes Defendants Wheeler and Ferguson hold supervisory positions. *See* Dkt. 11. Plaintiff cannot bring a §1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement naming individual Defendants and explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

**II.     State of Washington**

Plaintiff names the state of Washington as a Defendant. Dkt. 7. Section 1983 applies to the actions of "persons" acting under the color of state law. The state of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491

U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Therefore, the state of Washington should not be named as a defendant in an amended complaint.

### III. Thurston County

In the Complaint, Plaintiff names Thurston County as a Defendant. Dkt. 7. To set forth a claim against a municipality, a plaintiff must show the municipality employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts to show Thurston County is liable under § 1983. *See* Dkt. 7. Plaintiff does not identify a policy, custom, or pattern implemented by Thurston County which resulted in the depravation of Plaintiff's constitutional rights. *See id*. If Plaintiff intends to pursue a claim against Thurston County, he must allege facts sufficient to meet the required elements of a claim against a municipality and show Thurston County violated his constitutional rights.

### IV. City of Olympia

Plaintiff also names the City of Olympia as a Defendant. Dkt. 7. Plaintiff, however, challenges the conditions of his confinement while housed in a county, not city, jail. Plaintiff has alleged no facts showing the City of Olympia has any liability in this case. Accordingly, Plaintiff must show cause why the City of Olympia should not be dismissed from this action.

## V. Thurston County Prosecutor

Plaintiff names Jack Wheeler, Thurston County Prosecutor, as a Defendant. Dkt. 7. As discussed above, Plaintiff has not shown how Defendant Wheeler personally participated in the alleged constitutional violations. Furthermore, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427).

Under 28 U.S.C. §1915(e)(2)(B) and § 1915A(b), the Court shall dismiss the case if the Court determines the action seeks monetary relief against a defendant who is immune from such relief. As Defendant Wheeler has absolute immunity from monetary damages, Plaintiff must show why claims for monetary relief against Defendant Wheeler should not be dismissed.

## VI. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

1        Plaintiff shall present the amended complaint on the form provided by the Court. The
2   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original
3   and not a copy, it should contain the same case number, and it may not incorporate any part of
4   the original complaint by reference. The amended complaint will act as a complete substitute for
5   the original Complaint, and not as a supplement. The Court will screen the amended complaint to
6   determine whether it contains factual allegations linking each defendant to the alleged violations
7   of Plaintiff's rights. The Court will not authorize service of the amended complaint on any
8   defendant who is not specifically linked to a violation of Plaintiff's rights.
9        If Plaintiff fails to file an amended complaint or fails to adequately address the issues
10  raised herein on or before September 8, 2016, the undersigned will recommend dismissal of this
11  action as frivolous pursuant to 28 U.S.C. § 1915.
12       Dated this 9th day of August, 2016.

David W. Christel
United States Magistrate Judge