UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY MARK ENSLOW,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF WASHINGTON, THURSTON COUNTY, CITY OF OLYMPIA, JOSEPH F WHEELER, BOB FERGUSON,<br><br>              Defendants. | CASE NO. 3:16-CV-05497-RBL-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

Plaintiff Zachary Mark Enslow, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Amended Complaint but provides Plaintiff leave to file an amended pleading by October 21, 2016, to cure the deficiencies identified herein.[1]

---

[1] On August 9, 2016, the Court screened Plaintiff's Complaint and found it was deficient. *See* Dkt. 8. The Court ordered Plaintiff to correct the deficiencies by September 8, 2016. *Id.* Plaintiff filed the Amended Complaint on September 8, 2016. Dkt. 9.

ORDER TO FILE AMENDED COMPLAINT - 1

**BACKGROUND**

Plaintiff, who was incarcerated in the Thurston County Jail ("the Jail") at all relevant times, alleges his constitutional rights were violated when he was incarcerated for six months prior to being acquitted of all charges pending against him. Dkt. 9.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Amended Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### I. Speedy Trial Violation

Plaintiff alleges Defendant Jack Wheeler, Thurston County Prosecutor, violated his Sixth Amendment right to a speedy trial. Dkt. 9, p. 3. "The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ..'" *United States v. Marion*, 404 U.S. 307, 313 (1971). The only possible remedy for a violation of the right to a speedy trial is dismissal of the charges. *See Neal v. United States*, 2014 WL 172545, *6 (E.D. Cal. Jan. 15, 2014); *see also Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), *Strunk v. United States,* 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) (the Court held that dismissal is the only possible remedy for deprivation of constitutional right to speedy trial); *U.S. v. Simmons,* 536 F.2d 827 (9th Cir.1976). Plaintiff states he was acquitted of the charges against him and has been released from custody. Dkt. 9. As Plaintiff was acquitted, the Court cannot provide any relief which would address the alleged speedy trial violation. *See Neal*, 2014 WL 172545, at *6. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

Further, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427). As Defendant Wheeler has immunity, the speedy trial claim against him should be dismissed.

As the Court cannot provide Plaintiff with the only available relief and as Defendant Wheeler is immune from damages, the Court finds Plaintiff has failed to state speedy trial claim which is cognizable under § 1983.

## II.   State of Washington

Plaintiff names the state of Washington as a Defendant. Dkt. 9. Section 1983 applies to the actions of "persons" acting under the color of state law. The state of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Therefore, the state of Washington should not be named as a defendant in an amended complaint.

## III.   Thurston County and City of Olympia

In the Amended Complaint, Plaintiff names Thurston County and City of Olympia as Defendants. Dkt. 9. Plaintiff alleges Thurston County violated his due process rights because the unlawful pre-trial detention occurred in its jail. *Id.* Plaintiff also alleges City of Olympia is liable because the jail is located within the city. *Id.* To set forth a claim against a municipality, a plaintiff must show the municipality employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts to show Thurston County or City of Olympia are liable under § 1983. *See* Dkt. 9. Plaintiff does not identify a policy, custom, or pattern implemented by

Thurston County or City of Olympia which resulted in the depravation of Plaintiff's constitutional rights. *See id*. If Plaintiff intends to pursue a claim against Thurston County or City of Olympia, he must allege facts sufficient to meet the required elements of a claim against a municipality and show Thurston County and City of Olympia violated his constitutional rights.

### IV.     Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

1   If Plaintiff fails to file an amended complaint or fails to adequately address the issues
2   raised herein on or before October 21, 2016, the undersigned will recommend dismissal of this
3   action as frivolous pursuant to 28 U.S.C. § 1915.

4   Dated this 21st day of September, 2016.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER TO FILE AMENDED COMPLAINT - 6